IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MIGUEL GABINO MEJIAS,<br>TDCJ-CID No. 01705838, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | 2:26-CV-6-Z-BR |
| WILLIAM P. CLEMENTS UNIT, | §<br>§<br>§ | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO DISMISS COMPLAINT

On January 9, 2026, Plaintiff Miguel Gabino Mejias, acting *pro se* and while a prisoner, filed a Complaint alleging that unknown defendants violated his civil rights. (ECF 1).

On January 13, 2026, the Court issued a Notice of Deficiency in which it directed Mejias to file his complaint on the proper form and either pay the appropriate filing fee or submit an application to proceed *in forma pauperis* ("IFP Application"). (ECF 7). The Deficiency Order provided him proper forms for a Section 1983 civil rights complaint. Mejias's deadline for compliance was February 13, 2026, but he has failed to either comply or otherwise respond to the Deficiency Order. The Court has given Mejias ample opportunity to comply with the Order, yet he has not done so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* FED. R. CIV. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir.

1

1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)).

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988); *Birl*, 660 F.2d at 593.

Dismissal without prejudice under Rule 41(b) is appropriate here. Mejias's failure to comply with the Court's Deficiency Order appears to reflect an intent to abandon this lawsuit rather than to create purposeful delay. Regardless, this case cannot proceed without his compliance.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the Complaint filed by Miguel Gabino Mejias (ECF 1) be DISMISSED without prejudice unless he fully complies with the Deficiency Order before the deadline for filing objections to this FCR.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 9, 2026.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

2

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).